IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DEMONTRAY LARELL WARD, :
            Plaintiff, :     1:17-cv-1685
             :
   v. :     Hon. John E. Jones III
             :
UNITED STATES OF AMERICA, :
*et al.*, :
            Defendants :

## MEMORANDUM

### August 29, 2018

Plaintiff Demontray Larell Ward ("Ward" or "Plaintiff"), a federal inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *Bivens*[1] and Federal Tort Claims Act (FTCA)[2] action on September 18, 2017. (Doc. 1). Ward alleges that on December 23, 2016, he was assaulted by recreational staff at USP-Lewisburg and that he suffered an ankle injury during the

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

[2] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

assault. (Doc. 1, pp. 4, 5). He names as Defendants the United States of America ("United States"), Officer Wolfgang ("Wolfgang"), Officer Hoffa ("Hoffa"), Officer Johnson ("Johnson"), Lori Hartzel, RN ("Hartzel"), Andrew Edinger, MD ("Edinger"), Lupold, Officer Fisher ("Fisher"), Officer Homes ("Homes"), and Officer Ritz ("Ritz").

Presently pending is a motion (Doc. 24) for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed on February 18, 2018, on behalf of all Defendants except Johnson and Fisher. Defendants' supporting brief (Doc. 28) and statement of material facts (Doc. 29), accompanied by supporting documentation (Doc. 29-1) were filed on March 2, 2018. Defendants seek an entry of judgment based on Ward's failure to exhaust his administrative remedies. Accordingly, on May 16, 2018, in accordance with *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018) and *Small v. Camden Cty.*, 728 F.3d 265 (3d Cir. 2013), the Court placed the parties on notice that it intended to consider exhaustion in its role as factfinder, and afforded the parties the opportunity to supplement the record with evidence relevant to the issue of administrative exhaustion. (Doc. 31). The Court further instructed Ward to submit an opposition brief and statement of material facts as required by Local Rule 56.1. (*Id.*) On May 23, 2018, Ward sought (Doc. 32) an additional ninety days to respond to Defendants' motion. The

Court granted the motion and afforded Ward until August 23, 2018, to oppose Defendants' motion. (Doc. 36). He was cautioned that no further extensions of time would be granted absent good cause shown. (*Id.*) Ward has failed to file an opposition brief and a statement of material facts and the deadline for doing so has passed. Therefore, Defendants' motion is unopposed and the statement of material facts is deemed admitted. *See* L.R. 7.6 and 56.1. For the reasons set forth below, the motion will be deemed unopposed and granted.

With respect to Defendants Fisher and Johnson, the Waivers of the Service of the Summons sent to Fisher and Johnson have been returned as unexecuted with notations that the officers were unable to be identified. (Doc. 13, p. 1; Doc. 18, p. 2). Ward is proceeding *in forma pauperis*. (Doc. 7). A federal court must dismiss a civil action filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. §1915(e)(2)(B)(ii). For the reasons set forth below, the Court concludes that the complaint against Defendants Fisher and Johnson is subject to dismissal pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim.

## I. SUMMARY JUDGMENT

### A. Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-

moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### B. Statement of Material Facts

"A motion for summary judgment filed pursuant to Federal Rule of Civil Procedure FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." *See* L.R. 56.1. The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried. *Id.* "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." *Id.* Ward has filed to file a separate statement of material facts. Consequently, Defendants' statement (Doc. 29) is deemed admitted.

#### 1. *Bivens* Claim

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of issues related to any aspect of their confinement. (Doc. 29, ¶ 1, citing, 28 C.F.R. §542.10 *et seq.*). An inmate must initially attempt to informally resolve the issue

6

with institutional staff. (*Id.* at 2, citing 28 C.F.R. § 542.13(a)). If informal resolution fails an inmate may submit a request to the Warden within twenty days of the date on which the basis for the request occurred. (*Id.* at 3, citing 28 C.F.R. § 542.14(a)). The warden has twenty days to respond. (*Id.* at 4, citing 28 C.F.R. § 542.18) An inmate who is dissatisfied with the Warden's response may submit an appeal to the Regional Director of the BOP within twenty days of the date the Warden signed the response. (*Id.* at 5, citing 28 C.F.R. § 542.15(a)). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office (or General Counsel) within thirty days of the denial. (*Id.* at 6). The Regional Director has thirty days to respond. (*Id.* at 7). If, at any level of review, an inmate does not receive a response within the time allotted, the inmate may consider the absence of a response to be a denial at that level. (Doc. 29-1, Declaration of Jonathan Kerr ("Kerr Decl."), ¶ 4 citing 28 C.F.R. § 542.18). Exhaustion of the administrative remedy procedure requires an inmate to pursue the grievance through all levels of review. (*Id.* citing 28 C.F.R. § 542.15(a)).

On October 18, 2017, Ward filed administrative remedy number 918738-F1 seeking medical attention for an ankle problem causing him pain. (Doc. 28, ¶ 8). That same day, the remedy was rejected because Ward failed to first attempt informal resolution as required by 28 C.F.R. § 542.13(a). (*Id.* at 9). He was

instructed to attempt an informal resolution with the Health Services Department at USP Lewisburg and, if unsatisfied with the outcome, resubmit the Administrative Remedy within five days of the rejection notice. (*Id.* at 10). Ward failed to file an informal resolution or any other administrative remedy regarding an excessive force claim or an injury to his ankle. (*Id.* at 11)

    2.    FTCA Claims

The BOP has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. (Doc. 29, ¶ 12, citing 28 C.F.R. §§ 543.30-543.32, BOP Program Statement ("Program Statement")1320.06). Specifically, BOP inmates may commence an administrative tort claim pursuant to the FTCA by filing a claim with the Regional Office. (*Id.* at 14, citing 28 C.F.R. § 543.31(c) and Program Statement 320.06 at 3). If the claim is denied, the inmate can "request, in writing, that the Bureau of Prisons reconsider [the] claim in the administrative stage." (*Id.* at 16, citing 28 C.F.R. § 543.32(g) and Program Statement 1320.06). If the inmate is "dissatisfied with the final agency action," he may then file suit in federal court. (*Id.* at 17, citing 28 C.F.R. § 543.32(g) and Program Statement 1320.06 at 7). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues

8

or unless action is begun within six months after the date of mailing by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." (Doc. 29-1, Kerr Decl., ¶ 6, quoting 28 U.S.C. § 2401(b)).

*a. Administrative Tort Claim Number TRT-NER-2017-03872*

On April 14, 2017, Ward filed Administrative Tort Claim Number TRT-NER-2017-03872 with the BOP Northeast Regional Office alleging that on December 23, 2016, he suffered an ankle injury as a result of an assault by recreation staff at USP-Lewisburg. (Doc. 29, ¶¶ 18-20). He also alleged that medical staff negligently treated his ankle injury. (Doc. 29-1, p. 14). He sought compensation in the amount of $250,000.00. (Doc. 29, ¶ 18). On April 20, 2017, the Northeast Regional Office acknowledged receipt of the claim and informed Ward that the agency had six months from April 14, 2017, to review, consider, and adjudicate the claim. (Doc. 29-1, p. 22). On September 18, 2017, prior to the receipt of the disposition of Administrative Claim Number TRT-NER-2017-03872, Ward filed this instant complaint. (Doc. 1). On October 6, 2017, the Northeast Regional Office denied Administrative Tort Claim Number TRT-NER-2017-03872. (Doc. 29-1, p. 24).

### b. Administrative Tort Claim TRT-NER-2017-04866

On June 5, 2017, Ward filed Administrative Tort Claim Number TRT-NER-2017-04866, with the BOP Northeast Regional Office again alleging that he suffered an ankle injury during a December 23, 2016 assault by staff at USP-Lewisburg. (Doc. 29-1, p. 32). He sought compensatory damages in the amount of $1,000,000.00. (*Id.*) On June 9, 2017, the Northeast Regional Office informed him that the agency had six months from June 5, 2017, to review, consider, and adjudicate the claim. (*Id.* at 35). On September 18, 2017, prior to the required six-month period elapsing for the agency to consider Administrative Claim Number TRT-NER-2017-04866, Ward filed this instant complaint. (Doc. 1). On November 29, 2017, the Northeast Regional Office denied Administrative Tort Claim TRT-NER-2017-04866, and informed Ward that he had six months from November 29, 2017, to file suit against the United States in federal district court. (*Id.* at 36).

### C. Discussion

#### 1. <u>*Bivens* Claim</u>

Defendants seek to dismiss the *Bivens* claim on the grounds that Ward failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act of 1996 (the "PLRA") "mandates that an inmate

exhaust 'such administrative remedies as are available' before bringing suit to challenge prison conditions." *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016); *see Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis."). The text "suggests no limits on an inmate's obligation to exhaust– irrespective of 'special circumstances.'" *Id.* "And that mandatory language means a court may not excuse a failure to exhaust, even to take such circumstances into account. *See Miller v. French*, 530 U.S. 327, 337, 120 S.Ct. 2246, 147 L.Ed.2d 326 (2000) (explaining that "[t]he mandatory 'shall' ... normally creates an obligation impervious to judicial discretion")." *Id.* at 1856-57.

Significantly, "the PLRA contains its own, textual exception to mandatory exhaustion," i.e. the PLRA requires exhaustion of "available" administrative remedies. *Id.* at 1858. "Available" is defined as "capable of use for the accomplishment of a purpose" and that which "is accessible or may be obtained." Id. at 1858-59, (quoting *Booth v. Churner*, 532 U.S. 731, 737-38 (2001)). There are three instances in which administrative remedies are unavailable. "First, as Booth made clear, an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end–

with officers unable or consistently unwilling to provide relief to aggrieved inmates." *Id.* at 1859. "Next an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* Finally, administrative remedies are unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.*

The PLRA also mandates that inmates "properly" exhaust administrative remedies before filing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjunctive system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.* at 90–91. Such requirements "eliminate unwarranted federal-court interference with the administration of prisons, and thus seek[ ] to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.' " *Id.* at 93 (quoting Porter v. Nussle, 534 U.S. 516, 525 (2002)). The requirement may not be satisfied "by filing an untimely or otherwise procedurally defective . . . appeal." *Woodford*, 548 U.S. at 83; *see also Spruill v. Gillis*, 372 F.3d 218, 228–29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion). "The level of detail

necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007).

Finally, whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010). However, the Court must notify the parties that it will consider exhaustion in its role as a factfinder and afford the parties the opportunity to be heard. *Paladino v. Newsome*, 885 F.3d 203 (3d Cir. 2018). The parties were placed on notice on April 19, 2018 that the Court will consider exhaustion in its role as a factfinder and afforded the parties to opportunity to supplement the record with evidence relevant to the issue of exhaustion of administrative remedies. (Doc. 21).

It is undisputed that Ward failed to exhaust his administrative remedies. Specifically, he failed to attempt informal resolution prior to seeking administrative relief from the BOP's Central Office. And, despite being afforded the opportunity to correct the deficiency, Ward took no further administrative action. He has clearly failed to exhaust his administrative remedies with respect to

13

the *Bivens* claim as required by the BOP and now his claims are procedurally defaulted. *See Spruill*, 372 F.3d at 232. Accordingly, he is barred from proceeding with his *Bivens* claim in federal court. Summary Judgment will be entered in favor of Defendants Wolfgang, Hoffa, Hartzel, Edinger, Lupold, Ritz and Homes and against Plaintiff.

    2.    <u>FTCA Claim</u>

Under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "It is a jurisdictional prerequisite to a suit under the FTCA that a plaintiff have exhausted all administrative remedies." *See Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (finding that to make a claim under the FTCA, a claimant first must file the claim with the administrative agency allegedly responsible for the injuries) (citations omitted). Ward failed to fully exhaust his FTCA administrative remedies prior to filing suit. Consequently, this Court lacks jurisdiction to consider his claims under the FTCA. *See e.g. Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 354–55

(D.N.J. 2003) (noting at PLRA screening stage that a district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies) (citing *McNeil v. United States*, 508 U.S. 106 (1993); *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995)). Summary judgment will be entered in favor of the United States and against Ward.

## II. <u>28 U.S.C. §1915(e)(2)(B)(ii)</u>

### A. Standard of Review

The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying FED.R.CIV.P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v.*

15

*Cty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679, 129 S.Ct. 1937. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir.2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556

U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). At the second step, the Court identities those allegations that, being merely conclusory, are not entitled to the presumption of truth. *Twombly* and *Iqbal* distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### B. Discussion

Ward's failure to exhaust his administrative remedies with regard to both his *Bivens* and FTCA claims bars him from proceeding in federal court. As such, his complaint fails to state a claim against Defendants Johnson and Fisher pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and the complaint against them is subject to dismissal.

Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 114 (3d Cir. 2002). Because of the uncontroverted evidence

that Ward failed to exhaust administrative remedies, allowing Plaintiff leave to amend would be futile.

## III. Conclusion

Defendants' motion (Doc. 24) for summary judgment pursuant to Federal Rule of Civil Procedure 56 will be granted. The complaint against Defendants Fisher and Johnson will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order will enter.